PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



RICARDO QUINTANILLA-MEJIA,

        Plaintiff,

     v.

AGS AKIMA GLOBAL SERVICES,
SECURITY DEPARTMENT, HON.
STEVEN J. CORNNELLY, D.O.
MARCHEWKA, LIEUTENANT
KOWALKI, C.D.O. SANTOS, CDO
MEGOLDRIC, CDO NICHOLS, CDO
JAWOROWICZ, CDO FONDA,
LIEUTENANT D. DISART, and
CAPTAIN J. FLORES,

        Defendants.

**ORDER**

18-CV-00500 EAW

## INTRODUCTION

Plaintiff, Ricardo Quintanilla-Mejia, an immigration detainee held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 ("Complaint"). (Dkt. 1). Plaintiff has requested permission to proceed *in forma pauperis*. (Dkt. 2). This application is granted. Plaintiff alleges that, while confined at the BFDF, his constitutional rights were violated by the excessive use of force, failure to protect, denial of due process, "racism and discrimination" and through various flaws in the process surrounding his immigration case, as more particularly detailed in the Complaint. For the reasons discussed below, the Complaint will be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff files an amended complaint as detailed below.

## DISCUSSION

### I.   Legal Standard

Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of this Complaint. The Court must dismiss the Complaint or any portion of the Complaint that is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis,* 171 F.3d 757, 759 (2d Cir. 1999).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)).

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). However, Plaintiff has named as Defendants agencies and employees of the federal government, who are not deemed persons acting under color of state law pursuant to 42 U.S.C. § 1983. In view of Plaintiff's *pro se* status, the Court will construe his § 1983 claim against the federal Defendants as a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971) (Harlan, J., concurring); *see Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995).

## II.    Plaintiff's Allegations

Plaintiff has filed a seven-page Complaint with minimal allegations, and attached 176 pages of exhibits for the Court to review with little or no reference to the Complaint: page 8 contains both attachments "A" and "B", page 11 is attachment "C", page 107 is attachment "D". (Dkt. 1). The bulk of Plaintiff's attachments are intended to attack both the fairness and the outcome of his immigration proceedings, including letters of recommendation, articles opining that deportation is a death sentence in certain cases, the decision in Plaintiff's immigration matter, documents regarding the underlying criminal prosecution, a letter from Plaintiff apologizing, and documents related to Plaintiff's application for asylum. (*Id.* at 17-106). It is only at page 107 that Plaintiff returns to the allegations of his Complaint and includes documents alleging that Defendants used

excessive force on November 28, 2017.  After the documents relevant to that allegation, Plaintiff's attachments are immigration-related documentation and records of his mental health treatment. (*Id.* at 125-183).  The Court has reviewed the attached documents to permit the evaluation of the Complaint, but Plaintiff is forewarned that any amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a)(2) (A complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief.").

In Plaintiff's Complaint, he alleges that "Judge Steven J. Cornnelly" and numerous employees of Akima Global Services ("AGS"), a private company providing services at the BFDF, "didn't do anything about my complain[t]s or grievances, they didn't even give me any help." (Dkt. 1 at 5).  Plaintiff accuses Defendants of "racism, discrimination, psychological abuse and violation of my human rights." (*Id.*)  Plaintiff presents claims of excessive use of force, failure to protect and a denial of due process.  Attachment "B" lists the names of Defendants "involved in the incident of November 28, 2017." (*Id.* at 8). Attachment "D" lists employees of AGS who were alleged to have "brutally abuse[d] and threatened my life beating up forced me to an inappropriate arrest." (*Id.* at 107).  Plaintiff states that "on that day the facility brought in to my cell a Blood gang member." (*Id.*) When Plaintiff reported the danger, he alleges that "the Lieutenant" cursed him and said that it was not his problem. (*Id.*).  Plaintiff alleges that Defendants "beat me up [and] didn't even consider[] that I had my left hand and wrist in a cast." (*Id.*).

Plaintiff also alleges that a Ukrainian detainee, identified as a member of another gang, made death threats against Plaintiff, and that Defendants ignored the danger. (*Id.* at

112-118).  Further, Plaintiff alleges that he was required to wear shackles when he was transported out of the facility, even though they aggravated a prior injury to his ankle.  (*Id.* at 119-124).

**III.    Claims Regarding Immigration and Defendant Cornnelly**

The Court construes Plaintiff's claims of racism, discrimination and due process violations, as well as his inclusion of over one hundred pages of attachments relating to his immigration proceeding, as challenging the conduct and result of these proceedings.  This Court lacks jurisdiction over such an action.  *See* 8 USCA § 1252(a)(2)(B); *see generally Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) ("Shabaj's argument ignores the statute's requirement that any such claims must be raised 'upon *a petition for review filed with an appropriate court of appeals.*' 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Thus, while *this court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review Shabaj's challenge. . . ." (emphasis in original)).

Further, the immigration judge presiding over Plaintiff's proceedings is entitled to absolute immunity.  It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.  *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991).  The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.  *See Pierson*, 386 U.S. at 547; *see also Butz v, Economou*, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity between

*Bivens* and § 1983 claims).   Such immunity applies as well to judges involved in administrative proceedings such as Plaintiff's immigration hearing. *See Butz*, 438 U.S. at 514 ("the risk of an unconstitutional act by one presiding at an agency hearing is clearly outweighed by the importance of preserving the independent judgment of these men and women.").

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction), *cert. denied*, 489 U.S. 1016 (1989).   No such allegation is made here, and given the nature of the actions complained of, no such allegation would be plausible.   Second, a judge is immune only for actions performed in his judicial capacity. *See, e.g., Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant).   Such actions are precisely the substance of Plaintiff's complaints.

Therefore, Plaintiff's claims against Judge Cornnelly are barred because he is entitled to absolute judicial immunity. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (leave to amend need not be granted, however, where

amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."). Thus, all claims pertaining to Plaintiff's immigration proceeding are dismissed with prejudice, as are all claims against Defendant Cornnelly.

## IV.    Claims Regarding AGS and AGS Employees

Plaintiff's claims against AGS are without legal foundation. While in *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983, *Bivens* claims are available only against federal government officers in their individual capacities. The Supreme Court has expressly held that no claim may be brought under *Bivens* against employees of a privately operated federal prison for the type of failures alleged here:

> where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Therefore, no *Bivens* actions lies where, as here, Defendants are employees of a private contractor at a government owned facility. Any relief sought by Plaintiff for the actions of these employees of a private contractor should be pursued under state tort law. *See, generally Ziglar v. Abbassi*, 137 S.Ct. 1843 (2017) (severely restricting the creation of new damages remedies under *Bivens*); *see also*

*Doe v. Hagenbeck*, 870 F.3d 36, 43 n.5 (2d Cir. 2017).   Accordingly, Plaintiff's claims against AGS are dismissed, and for the same reason, Plaintiff's claims against the individual Defendants must be dismissed.   However, Plaintiff will be granted the opportunity to set forth allegations, if possible, that one or more federal government officers in their individual capacities were operating under color of Federal law, and thus are subject to suit under *Bivens*.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless an amended complaint is filed by **forty-five (45) days from the date of this Order**, in which Plaintiff includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action.   "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).   Therefore, an amended complaint must include all of the allegations against each Defendant Plaintiff seeks to sue, so that it may stand alone as the sole complaint that Defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the Complaint will be dismissed with prejudice.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's Motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff is granted leave to file an amended complaint no later than **forty-five (45) days from the date of this Order**;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this order a copy of the Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event an amended complaint is not filed as directed above, the Complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the Complaint is dismissed because Plaintiff has not filed an amended complaint as directed, the Clerk of Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the Complaint is dismissed because an amended complaint has not been filed as directed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
Elizabeth A. Wolford
United States District Judge

Dated:        September 12, 2018
              Rochester, New York